## UNITED STATES DISTRICT COURT
### DISTRICT OF DISTRICT OF COLUMBIA

OWEN F. SILVIOUS,

16497077 FCI-2 Butner
P.O. Box 1500
Butner, NC 27509

            **Plaintiff,**

v.

UNGAR'S FOOD PRODUCTS INC., d/b/a
DR PRAEGER'S SENSIBLE FOODS,

9 Boumar Place
Elmwood Park, NJ 07407,

            **Defendant.**

Civil Case No.

(D.C. Superior Court No. 2011-CA-1215)

### NOTICE OF REMOVAL

Defendant Ungar's Food Products, Inc., d/b/a Dr. Praeger's Sensible Foods ("Defendant"), through its undersigned counsel, hereby removes this action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia, pursuant to 28 U.S.C. §§1332, 1441, 1446, and 1453.  As grounds for removal, Defendant states as follows:

### THE STATE COURT ACTION

1.      On February 11, 2011, Plaintiff, Owen F. Silvious ("Plaintiff" or "Silvious") filed a complaint against Defendant in the Superior Court of the District of Columbia, Civil Division, captioned *Owen F Silvious v. Ungar's Food Products Inc., d/b/a Dr. Praeger's Sensible Foods,* No. 2011-CA-1215 (the "Complaint").  The action was initially assigned to the Honorable Laura A. Cordero.

2.      Defendant was served with a copy of the Summons, Complaint, and Initial Order by mail on February 18, 2011.  As required by 28 U.S.C. §1446(a), a true and correct copy of all of the pleadings served upon Defendant are attached hereto as Exhibit A.   All procedural requirements for removal have been satisfied, as set forth in ¶¶37-39, *infra*. Removal is timely under 28 U.S.C. §1446(b) because Defendant has filed this Notice of Removal within thirty days after service of the Complaint.

3.      Defendant will file an answer, move, or otherwise respond to the Complaint within 7 days after the filing of this Notice of Removal, in accordance with Fed. R. Civ. P. 81(c).

4.      The Complaint alleges that Defendant violated the District of Columbia Consumer Protection Procedures Act ("CPPA"), D.C. Code §28-3901 *et seq.*, by misrepresenting the fat and caloric content of certain of the Defendant' products, namely California Veggie Burgers, Tex-Mex Veggie Burgers, Broccoli Pancakes, Potato Pancakes, and Spinach Pancakes (Complaint, ¶¶5-8).

## GROUNDS FOR REMOVAL

5.      As set forth below, this Court has proper jurisdiction over this matter on two separate grounds: (1) diversity of citizenship under 28 U.S.C. §1332(a); and (2) jurisdiction under the Class Action Fairness Act, 28 U.S.C. §1332(d)(2).

## I.      Federal Jurisdiction Under Diversity of Citizenship, 28 U.S.C. §1332

6.      The United States District Court for the District of Columbia maintains original jurisdiction over the State Court Action pursuant to 28 U.S.C. §1332 because this is a civil action between citizens of a state and citizens or subjects of a foreign state in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7.      Plaintiff <u>concedes</u> that this Court has diversity jurisdiction over this matter ("The United States District Court for the District of Columbia also has jurisdiction over the action pursuant to Title 28 U.S.C. 1332(a)") (Complaint ¶1).

8.      As alleged in the Complaint, Defendant Ungar's Food Products Inc. has its principal place of business in New Jersey (Complaint ¶4).   Under 28 U.S.C. §1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Defendant also is incorporated in the State of New Jersey, as previously alleged by Plaintiff in the 2010 Complaint at ¶5 (*See* Exhibit B, *infra* at ¶19). Accordingly, Defendant is a citizen of the State of New Jersey.

9.      The Complaint alleges that "Plaintiff is a citizen of the Commonwealth of Virginia" (Complaint ¶2).

10.     Because no Defendant has the same citizenship as the Plaintiff in this matter, there is complete diversity of citizenship.

11.     Plaintiff alleges damages in the amount of at least "$180,000.00 pertaining only to the five products purchased by plaintiff" himself (Complaint ¶¶18, 20).   Therefore, Plaintiff has alleged an amount in controversy in excess of the minimum amount of $75,000.00, which satisfies the requirement of 28 U.S.C. §1332(a).

12.     Plaintiff further alleges additional damages "which might be determined through discovery" for all other packages of the Defendant's products sold in the District of Columbia (Complaint ¶20). Specifically, Plaintiff alleges potential damages in the amount of $45,000,000.00 in statutory damages, assuming that at least 5,000 packages of Defendant's products which represent "6 violations per package x 5,000 packages = 30,000 violations"; "30,000 violations x $1,500.00 per violation equals statutory damages of Forty Five Million

Dollars ($45,000,000.00)" (Complaint ¶¶17-18).  Plaintiff further alleges that if discovery proves

that "more than 5,000 packages of the five products were sold in the District of Columbia," then

"defendants may be liable for more than the $45,000,000.00 stated in paragraph 17." (Complaint

¶18).

## II.    Federal Jurisdiction Under the Class Action Fairness Act, 28 U.S.C. §1332(d)(2)

13.    In addition to diversity jurisdiction under 28 U.S.C. §1332(a), this Court also has

jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C.

§1332(d)(2), which provides, in relevant part: "district courts shall have original jurisdiction of

any civil action in which the matter in controversy exceeds the sum or value of $5,000,000,

exclusive of interest, and is a class action in which – (A) any member of a class of plaintiffs is a

citizen of a State different from any defendant."

### A.    Class Action

14.    CAFA defines "class action" as "any civil action filed under rules 23 of the

Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing

an action to be brought by 1 or more representative persons as a class action."  28 U.S.C.

§1332(d)(1)(B).

15.    It is undeniable that Congress intended for CAFA "to expand substantially federal

court jurisdiction over class actions." S. Rep. No. 109-14, at 43 (2005); see also *Palisades

Collections, LLC v. Shorts*, 552 F.3d 327, 336 (4th Cir. 2008) (discussing the expansion of federal

court jurisdiction over class actions).  To that end, the legislative history charges that the

definition of a "class action" must be "interpreted liberally."  S. Rep. No. 109-14, at 35.

16.    Specifically, the Senate Report states: "[CAFA's] application should not be

confined solely to lawsuits that are labeled 'class actions' by the named plaintiff or the state

rulemaking authority.   Generally speaking, *lawsuits that resemble a purported class action should be considered a class action for the purpose of applying these provisions.*" *Id.* (emphasis added).

17.   This language is straightforward and calls upon federal district court judges to look beyond the face of a complaint when determining whether federal jurisdiction exists over a matter that appears to be a class action in all but name. *See id.  See also State of Louisiana ex rel. Caldwell v. Allstate Ins. Co.*, 536 F.3d 418, 423-24 (5th Cir. 2008) (stating that a party cannot evade federal jurisdiction by failing to label its case as a class action in the pleadings, and the court must look beyond labels used in the complaint to determine the true nature of the claims).

18.   Indeed, that Plaintiff is essentially asserting a class action is evident from his Complaint which merely recycles, word-for-word, the material allegations that form the basis of a class action complaint that was filed in the District of New Jersey on May 30, 2006, captioned *Elias, et al. v. Ungar's Food Products, Inc.* and amended on August 25, 2006, D.N.J. 06-2448 (KSH).   A true and correct copy of the Elias Complaint is attached as part of Exhibit B to the 2010 Notice of Removal (*See* Exhibit B hereto).   The *Elias* action was certified as a class action on June 30, 2008 (D.N.J. Doc. No. 70) and remains pending in the District of New Jersey.

19.   Plaintiff's complaint also recycles the complaint he previously filed in the Superior Court of the District of Columbia on March 16, 2010, captioned *Owen F. Silvious v. Ungar's Food Products Inc., d/b/a Dr. Praeger's Sensible Foods and Sensible Foods LLC., d/b/a Dr. Praeger's Sensisble Foods*, No. 2010-CA-1795 (the "2010 Complaint"), which was removed to the District Court for the District of Columbia on April 23, 2010 (the "2010 Notice of Removal"), where it was assigned to the Honorable John D. Bates, U.S.D.J. A true and correct copy of the 2010 Notice of Removal with exhibits is attached hereto as Exhibit B.   Silvious filed

a motion for remand of the 2010 Notice of Removal, which the court denied by Order dated June 22, 2010, on the basis that the matter had been timely and properly removed and that the court had proper jurisdiction under CAFA ("2010 Order Denying Remand"). Subsequently, the District Court dismissed the 2010 Complaint without prejudice on August 24, 2010 ("2010 Order of Dismissal and Memorandum Opinion") (collectively, the "2010 Orders"). A true and correct copy of the 2010 Orders is attached hereto as Exhibit C.

20.     Silvious admits that he first became aware of the purported basis for his allegations in the Complaint as a result of viewing the *Notice of Pendency of Class Action* ("Class Notice") dated December 17, 2008 that was published in a USA Today Newspaper dated February 17, 2009 (Complaint, ¶10). The Class consists of "All persons in the United States who purchased Dr. Praeger's Frozen California Burgers, Tex-Mex Veggie Burgers, Broccoli Pancakes, Potato Pancakes, and Spinach Pancakes from May 30, 2000 through August 31, 2007." A true and correct copy of the Class Notice is attached as Exhibit C to the 2010 Notice of Removal (*See* Exhibit B hereto).

21.     Accordingly, although Silvious has avoided the term "class" or "class action" in his Complaint, it is clear that Silvious is again seeking to bring his own copy-cat class action that must be treated as such under CAFA. *See* 28 U.S.C. §1332(d)(1)(B).

22.     Notably, not only does Silvious seek damages allegedly arising from his own purchases of the five products, for which he alleges "120 violations" of the CPPA which "mandate a minimum of $1,500.00 per violation for total statutory damages payable to plaintiff [himself] of $180,000.00" (Complaint ¶8), but he further seeks damages on behalf of other consumers (and class members). Specifically he alleges that "each time the five products were sold and delivered in the District of Columbia was a violation of the District of Columbia

Consumer Protection Procedures Act" and that "30,000 violations of the Act x $1,500.00 per violation equals statutory damages of Forty Five Million Dolars [sic] ($45,000,000.00) that the court [should] award to the *consumer...*" (Complaint ¶17) (emphasis added).   Plaintiff further seeks to distribute "cy pres" damages because by bringing the action, the damage awards "will benefit many individuals in the District of Columbia." (Complaint ¶19).

23.    This is plainly an attempt to evade CAFA jurisdiction and should not be permitted by this Court when the Plaintiff's allegations clearly refer to alleged violations and damages of other consumers, i.e., class members, as part of his Complaint ("[I]f...it is determined that defendant sold more than five packages of the products stated herein [to plaintiff] either directly or indirectly to consumers, then the amount of statutory damages that defendant might be required to pay...would [be] between $180,000.00 based on the five packages of defendants products purchased by plaintiff to many millions of dollars if defendants products were purchased by consumers in the District of Columbia..." (*Id.*)

24.    That Silvious's CPPA action for money damages on behalf of third parties would be considered a class action by the District of Columbia Superior Court, as well, is evident by the recent ruling that a plaintiff cannot bring a "representative" claim under the CPPA for money damages on behalf of third parties *without complying with class action procedures*.   *See* Order Granting in Part and Denying in Part Def. U-Haul Int'l, Inc.'s Mot. to Dismiss, *Margolis v. U-Haul*, Case No. 2007 CA 005245 B, 2009 WL 5788369 (D.C. Super. Ct. Dec. 17, 2009).   *See also Sprint Commc'ns Co. v. APCC Servs., Inc.*, 128 S. Ct. 2531, 2545 (2008) (discussing the limited circumstances in which the claims of multiple parties may be adjudicated together and the procedural mechanisms for achieving same); *Caldwell v. Allstate Ins.*, 536 F.3d 418, 424 (5th

Cir. 2008) ("[F]ederal courts look to the substance of [an] action and not the labels that the parties may attach.").

25.     In *Margolis*, the District of Columbia Superior Court dismissed plaintiff's claim to recover monetary damages on behalf of absent third parties outside of the class action mechanism of District of Columbia Superior Court Rule of Civil Procedure 23 ("Rule 23"). *Margolis*, 2009 WL 5788369 at *15. After conducting an extensive analysis of the meaning, legislative history, and purpose of the CPPA, the court held that "[n]othing in the statute indicates any intention by the legislative branch to abrogate he requirements of Rule 23 in cases where an individual is seeking money damages under the CPPA on behalf of third parties. *Id.* As stated by the court in *Margolis*, the applicability of Rule 23 to claims for money damages brought under the CPPA on behalf of third parties "harmonizes the plain language of the statute with its legislative history, which indicates that the provision of the CPPA permitting representative actions was added specifically to address claims for injunctive relief and for the equitable remedy of disgorgement, as opposed to damages."

26.     After dismissal, the plaintiff in *Margolis* filed an amended complaint in the Superior Court, "in a representative capacity on behalf of the general public" and styled this time as a class action pursuant to "Superior Court Rule 23(a)," to comply with the requirements of Rule 23. *See* Amended Complaint, *Margolis v. U-Haul*, No. 2007 CA 005245 B (D.C. Super. Ct. Jan. 15, 2010).

27.     Like the plaintiff in *Margolis*, Plaintiff here does not bring this action as a "private attorney general," solely on behalf of the general public, but rather as a "representative" plaintiff on behalf of himself and third parties.

**B.**     **Diversity**

28.     CAFA significantly expanded federal diversity jurisdiction, eliminating the complete diversity prerequisite and requiring only that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2)(A).

29.     As set forth above, complete diversity of citizenship exists between Defendant and Plaintiff.

**C.**     **Number of Represented Persons**

30.     CAFA requires that the represented persons total at least 100. 28 U.S.C. §1332(d)(5). This requirement is satisfied because the Complaint alleges that "each time the five products were sold and delivered in the District of Columbia was a violation of the District of Columbia Consumer Protection Procedures Act." (Complaint ¶17).  Indeed, Plaintiff appears to be asserting claims on behalf of a class of consumers who purchased the five products in the District of Columbia, and suggests that "discovery may prove that more than 5,000 packages of the five products were sold in the District of Columbia" from the allegations in his Complaint, (Complaint ¶17-18), in which case Plaintiff is seeking judgment in excess of $45,000,000.00 on behalf of himself and consumers in the District of Columbia who purchased the five products.

**D.**     **Amount in Controversy**

31.     Under CAFA, the claims of individual class members are aggregated in order to determine the amount in controversy.  28 U.S.C. §1332(d)(6).  This subsection is "interpreted expansively." S. Rep. 109-14, at *40.  In fact, "[i]f a purported class action is removed pursuant to these jurisdictional provisions, the named plaintiff(s) should bear the burden of demonstrating that the removal was improvident (i.e., that the applicable jurisdictional requirements are not satisfied).  And if a federal court is uncertain about whether 'all matters in controversy' in a

purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." *Id.*

32.     The amount in controversy includes both traditional recoveries, such as restitution, as well as statutory penalties. *See Gene and Gene LLC v. BioPay LLC*, 541 F.3d 318, 324-25 (5th Cir. 2008) (finding CAFA's amount in controversy satisfied where statutory damages could amount to $1,500 per violation of Telephone Consumer Protection Act and complaint alleged 4,000 violations); *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008) (holding CAFA's amount in controversy satisfied where defendant showed that the number of customers within the plaintiff's proposed class multiplied by the minimum statutory damages of $200 per customer exceeded $5 million); *see also Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000-01 (9th Cir. 2007) (calculating aggregated amount of statutory penalties to determine whether CAFA's amount in controversy was met for alleged violations of state wage laws).

33.     Where, as here, attorneys' fees are provided by statute, they also should be included in the amount in controversy determination. *In re Lorazepam & Clorazepate Antitrust Litig.*, 2004 U.S. Dist. LEXIS 352, *15 (D.D.C. 2004) ("It is also clear that attorneys' fees should be factored into the jurisdictional amount.")

34.     Defendant disputes the allegations of wrongful conduct set forth in the Complaint but for purposes of establishing the amount in controversy, however, Defendant are entitled to rely upon the allegations of the amount in controversy specified in the Complaint. *See In re Lorazepam & Clorazepate Antitrust Litig.*, 2004 U.S. Dist. LEXIS at *17 ("the relief sought [in the complaint on file at the time of removal] controlled the jurisdictional limit."). A defendant may expressly deny that the plaintiff is entitled to any relief while relying for the amount in controversy upon "an examination of the relief requested in the complaint." *City of University*

*City, Missouri v. AT&T Wireless Services, Inc.*, 229 F.Supp.2d 927, 934 (E.D.Mo. 2002) (internal citation omitted). The allegations in the Complaint sufficiently demonstrate that jurisdiction is proper under CAFA. *Chain Drug, Inc. v. Aetna U.S. Healthcare, Inc.*, No. 2:05-CV-292-MEF, 2006 WL 1134070 (M.D. Ala. Apr. 14, 2006) (it is proper for a court to determine jurisdiction under CAFA based on the allegations in a complaint).

35.     The Complaint alleges that Defendant "may be liable for more than []
$45,000,000.00" (Complaint ¶¶17, 18).

36.     The Complaint specifically demands a "statutory damage amount of $1,500.00 per violation of the Act" (Complaint ¶¶17-18).

37.     Given Plaintiff's allegations of enormous potential damages, it is clear that the jurisdictional requirement of an amount in controversy of at least $5,000,000 is satisfied.

**E.     Removal Procedures**

38.     A copy of the Notice of Filing is attached hereto as Exhibit D. Defendant will promptly serve the Notice of Filing of Notice of Removal upon Plaintiff and will file a copy with the Clerk of the Superior Court of the District of Columbia, Civil Division, in accordance with 28 U.S.C. §1446(d).

39.     Pursuant to Federal Rule of Civil Procedure 7.1(a) and Local Civil Rule 7.1, Defendant submits two copies of the Disclosure Statement herewith, as Exhibit E.

40.     Pursuant to Local Civil Rule 40.5(b), Defendant will file a Notice of Related Cases concurrently herewith, as Exhibit F.

41.     In filing this Notice of Removal, Defendant does not waive any defenses that may be available to them.

WHEREFORE, Defendant respectfully requests that this case proceed in its entirety before this Court as an action properly removed.

Dated: March 10, 2011

Respectfully submitted,

Dechert LLP

*[signature]*

Scott M. Taggart
D.C. Bar ID No. 988974
1775 I Street, NW
Washington DC 20006
Tel: (202) 261-3393
Fax: (202) 261-3333
Attorneys for Defendant

Of Counsel:
SAIBER LLC
David R. Gross (not yet admitted *pro hac vice*)
James H. Gianninoto (not yet admitted *pro hac vice*)
Una Young Kang (not yet admitted *pro hac vice*)
D.C. Bar ID No. 497833
18 Columbia Turnpike
Suite 200
Florham Park, New Jersey 07932
Tel: (973) 622-3333
Fax: (973) 622-3349

Dechert LLP
Ezra Rosenberg (not yet admitted *pro hac vice*)
Suite 500
902 Carnegie Center
Princeton NJ 08540
Tel: (609) 955-3200
Fax: (609) 955-3259

## CERTIFICATE OF SERVICE

I, Scott M. Taggart, Esquire, hereby certify that on March 10, 2011, I caused a true and

correct copy of the foregoing Notice of Removal and Exhibits A through F attached

thereto, to be served on the person listed below via Federal Express:

**Plaintiff**
Owen F. Silvious
16497077 FCI 2 Butner
P.O. Box 1500
Butner, NC 27509


Scott M. Taggart, Esquire